**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| MARSHALL PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-04151-NKL |
| | ) | |
| HONORABLE RALPH JAYNES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reason discussed below, the motion by defendant Judge Ralph Jaynes to dismiss the amended complaint by plaintiff Marshall Peterson is granted with prejudice.

**I.    BACKGROUND**[1]

Mr. Peterson was a party in a state court lawsuit involving a county commission's duties relating to easements in his subdivision. One of the arguments that Mr. Peterson had raised in his *pro se* answer was that the one of the opposing parties had taken a position before that court that was directly at odds with a position adopted by the same party in a different lawsuit. After filing his answer, Mr. Peterson moved for judgment on the pleadings.

Judge Jaynes, the presiding judge, denied Mr. Peterson's motion for judgment on the pleadings. Mr. Peterson then asked Judge Jaynes whether that case ought to be consolidated with the other state court case described in his answer, given that both involved the county commissioners and concerned easements in his subdivision. Judge Jaynes' response revealed that he was not aware of the other case—an indication that he had not read Mr. Peterson's

---

[1] Upon this motion to dismiss, the Court must accept Plaintiff's factual allegations as true and construe them in the light most favorable to him. *See Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

answer before ruling on the motion for judgment on the pleadings.

Mr. Peterson alleges that Judge Jaynes' conduct violated Mr. Peterson's constitutional right to due process. Pursuant to 42 U.S.C. § 1983, he seeks damages and attorneys' fees from Judge Jaynes in his "individual" capacity.

**II.     DISCUSSION**

The Court construes a complaint filed *pro se* liberally, meaning "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the [Court] should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). Nonetheless, dismissal under Rule 12(b)(6) is required when a complaint on its face reveals an insuperable bar to relief. *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982).

Under federal law, a "judge is absolutely immune from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir. 1983); *see also Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991) ("[G]enerally, a judge is immune from a suit for money damages. . . . [T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.") (citations omitted).

Indisputably, as a Missouri circuit court judge, Judge Jaynes had broad subject matter jurisdiction, including over the property dispute that gave rise to Mr. Peterson's complaint. *See* Mo. Constitution, Article V, § 14 (providing that "[t]he [Missouri] circuit courts shall have original jurisdiction over all cases and matters, civil and criminal").

There also can be no real question that the actions of which Mr. Peterson complains were judicial in nature. "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Mr. Peterson's complaints about Judge Jayne's conduct concern the judge's performance of a function normally performed by judges—reviewing parties' written submissions and deciding a motion. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (holding that when a judge rules on a motion, it is done in a judicial capacity). Even construed liberally, no factual allegation in Mr. Peterson's complaint suggests that he dealt with Judge Jaynes outside of his judicial capacity. Mr. Peterson's bare statement that he sues Judge Jaynes in his "individual" capacity does not change the nature of the actions of which he complains.

Nor does Mr. Peterson's claim of judicial misconduct strip the judge of immunity. Even if Judge Jaynes failed to review Mr. Peterson's answer before ruling on his motion for judgment on the pleadings, as alleged, absolute judicial immunity would apply. *See Mireles*, 509 U.S. at 11 (stating that "judicial immunity is not overcome by allegations of bad faith or malice" and concluding that "a judge's direction to police officers to carry out a judicial order with excessive force" was judicial in nature); *Stump,* 435 U.S. at 363 (holding that a judge was entitled to absolute judicial immunity in a forced sterilization case, notwithstanding the claim that the judge's decision was "unfair," and "totally devoid of judicial concern for the interests and well-being of the young girl involved"); *Martin v. Aubuchon*, 623 F.2d 1282, 1285 (8th Cir. 1980) (finding that defendant judges were entitled to absolute judicial immunity despite allegations that they failed to give plaintiff adequate notice of a hearing to terminate his parental rights and did

not advise him of his right to counsel). Thus, Judge Jaynes is immune to Mr. Peterson's suit for damages and legal fees.

Because absolute judicial immunity bars Mr. Peterson's action, the Court need not consider whether Mr. Peterson adequately states a procedural due process claim.

### III.    CONCLUSION

For the reason discussed above, Defendant's motion to dismiss the amended complaint is granted with prejudice.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 24, 2018
Jefferson City, Missouri